**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MARCO ANTONIO ESPINOZA MARTINEZ,** | § § § § | |
| **Petitioner,** | § § | |
| v. | § § | **A-26-CV-1248-ADA-ML** |
| | § § | |
| **CHARLOTTE COLLINS, Warden of T. Don Hutto Detention Center, et al.,** | § § § | |
| **Respondents.** | § | |

## ORDER

Before the court is Petitioner Marco Antonio Espinoza Martinez's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. 1).[1] Petitioner paid the required filing fee for a habeas corpus petition. *See* Dkt. 1. Petitioner entered the United States in 2000 at sixteen years of age. *Id.* ¶ 1. Petitioner has been detained since October 25, 2025, and on January 5, 2026, an Immigration Judge granted Petitioner an adjustment of status pursuant to 8 U.S.C. § 1255(i). *Id.* Nevertheless, Petitioner has remained in detention pending Respondents' appeal of the Immigration Judge's decision to the BIA. *Id.* ¶ 2. Petitioner previously was denied habeas relief and now brings this Petition due to materially changed circumstances, including continued detention approaching seven months. *Id.* ¶ 3. Petitioner is confined in T. Don Hutto Detention Center in Taylor, Texas. *Id.* ¶ 1. Petitioner seeks his immediate release. *Id.* ¶ 8. After consideration, Respondents are ordered to file a responsive pleading.

Petitioner asks the court to order Respondents Miguel Vergara, San Antonio Field Office Director, Immigration and Customs Enforcement; Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Charlotte Collins, Warden, T. Don Hutto Detention

---

[1] This case was referred by United States District Judge Alan D Albright to the undersigned for all proceedings, pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. 2.

Center; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; Todd Blanche, U.S. Attorney General; and Sirce E. Owen, Acting Director, Executive Office for Immigration Review (together, "Respondents") to show cause as to why the petition should not be granted. *Id.* ¶¶ 19-20. Under 28 U.S.C. § 2243,

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243. However, district courts may amend the timeline laid out in § 2243 where necessary for "equitable and prudential considerations." *Lan v. U.S. Immigr. & Customs Enf't*, No. 1:22-CV-05691, 2022 WL 15524695, at *1 (W.D. La. Oct. 26, 2022). After consideration, the court will order Respondents to show cause as to why Petitioner's writ should not be granted within the next three days in accordance with § 2243.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court shall furnish the Office of the United States Attorney in San Antonio, Texas with copies of the Petition for Writ of Habeas Corpus (Dkt. 1) and this Order, and that such delivery by certified mail return receipt requested will constitute sufficient service of process on the Federal Government Respondents.

2. The Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center, with copies of the Petition for Writ of Habeas Corpus (Dkt. 1) and this Order, and that such delivery by certified mail return receipt requested will constitute sufficient service of process.

**IT IS FURTHER ORDERED** that Respondents show cause in writing **on or before May 18, 2026**, as to why the court should not grant Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1). Petitioner may, at his discretion, file a reply **on or before May 20, 2026**. At this time, the court will not plan to set a hearing on this matter, but, **on or before May 18, 2026**, either party may request a hearing to be scheduled for after the completion of briefing. Failure to request a hearing will constitute waiver of the opportunity for a hearing under § 2243. The court is amenable to ruling on the papers if the parties waive a hearing.

**IT IS FINALLY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas, until the court orders otherwise or this case is closed. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). This is not to be construed as a temporary restraining order but rather an exercise of the court's inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2-3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

SIGNED May 13, 2026,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

3